MEAD et al. v. DARLING et al.

(Circuit Court of Appeals, Second Circuit. February 11, 1908.)

No. 153.

1. TRIAL—DIRECTION OF VERDICT—REQUEST BY BOTH PARTIES.
   Where each party requests the trial judge to direct a verdict, such procedure is tantamount to a request that the trial judge find the facts, which finding will be upheld, if there is any evidence to support it.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 400; vol. 3, Appeal and Error, § 4024.
   Operation and effect of motions by both plaintiff and defendant for direction of verdict, see note to Love v. Scatcherd, 77 C. C. A. 8.]

2. FRAUD—PRESUMPTIONS.
   Where fraud is charged to have occurred in transactions occurring 45 years before, and must be established from a few acts of commission and omission, the principal participants being dead, the jury must rely largely on presumptions drawn from the established facts.

3. COURTS—FEDERAL COURTS—TRIAL—INSTRUCTIONS—OPINION ON FACTS.
   A trial judge in a federal court is not prohibited from expressing his opinion on the facts.

4. SAME—PRESUMPTION OF INNOCENCE.
   Where a fact was proved from which two inferences could be drawn, one tending to establish fraud and the other innocence, it was within the province of the trial judge in a federal court to call the jury's attention to the latter probability or possibility.

In Error to the Circuit Court of the United States for the Southern District of New York.

See 151 Fed. 1006.

On writ of error to review a judgment entered by the Circuit Court upon the verdict of a jury in favor of the defendants. The action is in ejectment, and relates to the legal title to premises known as No. 208 Fifth avenue and No. 1128 Broadway, in the city of New York. The action was first tried in March, 1906, upon substantially the same evidence as in the present record. At the close of that trial both parties moved for a direction, and the court directed a verdict in favor of the defendants. On writ of error to this court, the judgment of the Circuit Court was affirmed. The opinions of this court in the case in hand, in the action against Chesebrough Building Company and in the action against Gallatin, involving similar questions, will be found reported, respectively, in 151 Fed. 1006, 81 C. C. A. 192; 151 Fed. 998, 81 C. C. A. 184. The present trial is had pursuant to section 1525 of the New York Code, granting a defeated plaintiff in ejectment a new trial as matter of right, upon payment by him of the costs of the first trial.

Decker, Allen & Storm (James J. Allen, of counsel), for plaintiffs in error.

Arthur M. Johnson, for defendant in error Darling.

Bowers & Sands (James M. Bowers and Charles P. Northrop, of counsel, and Gerald S. O'Loughlin, with them on the brief), for other defendants in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. In view of the thorough examination which the questions involved in this controversy received when they were before this court a year ago, but little need now be added. In the Chesebrough Case the court said:

"We are of the opinion that a jury would have been justified in finding that the mortgaged premises were not of sufficient value to have enabled the trustees to replace the existing mortgages with new mortgages for the same amount, notwithstanding the presumptions to the contrary arising from all the surrounding facts. * * * As regards No. 32, there was a fair question for a jury upon the issue of fraud, and, as the defendant was doubtless chargeable with constructive notice of all the matters of record affecting the title to any part of the premises, there was a question for the jury upon the whole case. But, as we have indicated, the case was not one in which there was no evidence to support the finding of the trial judge." 151 Fed. 1004, 81 C. C. A. 184; 151 Fed. 1006, 81 C. C. A. 192.

Each party had requested the trial judge to direct a verdict, which was tantamount to a request that he find the facts, and therefore his finding was upheld; there being evidence to support it. In the case at bar the same request to direct a verdict had been made by each party, and this court said:

"If there was a question of fact for a jury, the ruling of the trial judge was correct. We think there was such a question, and that in view of our decision in the Chesebrough Company Case any detailed statement of the facts or further discussion of the legal question involved would serve no useful purpose."

Although this language is not entirely clear, yet, when considered in connection with the opinion in the Chesebrough Case, there can be little doubt as to its meaning. We think the court intended to say that, although there was a question for the jury, both sides requested the trial judge to decide it, and he had decided it correctly. On the trial which is now under review no such request was made by the plaintiffs, and the question was submitted to the jury. We have read with care the clear and painstaking charge of the trial judge, and find no error which warrants the reversal of the judgment.

In a transaction occurring 45 years ago, where all the principal participants are dead, and where a charge of actual fraud is made against parties whose motives can only be ascertained from the few acts of commission and omission which are proved, the jury must rely largely upon the presumptions which may be drawn from the established facts. In calling the attention of the jury to these presumptions pro and con, in tracing them to their logical conclusions, in directing the attention of the jury to the relations between the parties and the improbability that fraud would be attempted in such circumstances, in all this we think the trial judge did not trespass upon the province of the jury, especially so in a tribunal where the judge is not prohibited from expressing his opinion upon the facts. Where a fact was proved from which two inferences could be drawn, one tending to establish fraud and the other innocence, it was quite within the province of the court to call the attention of the jury to the latter probability or possibility.

It is argued by the defendants in error that the evidence produced by the plaintiffs in error failed to prove actual fraud, and that a ver-

dict should have been directed for the defendants; but in view of the conclusion reached we deem it unnecessary to decide the question thus presented.

The judgment is affirmed.